# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Troy K. Scheffler,<br><br>      Plaintiff,<br><br>v.<br><br>City of New Hope, et al.,<br><br>      Defendants. | Case No. 18-cv-1690 (SRN/LIB)<br><br>**ORDER** |

Troy K. Scheffler, 26359 Shandy Trail, Merrifield, Minnesota 56465, pro se.

Ryan M. Zipf, League of Minnesota Cities, 145 University Avenue West, St. Paul, Minnesota 55103, and Kathryn Iverson Landrum, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1100, St. Paul, Minnesota 55101, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

      Before the Court is Plaintiff Troy K. Scheffler's September 12, 2018 objection [Doc. No. 62] and October 5, 2018 objection [Doc. No. 71] ("Objections") to Magistrate Judge Brisbois's August 31, 2018 Order [Doc. No. 42] and September 17, 2018 Order [Doc. No. 63] ("Orders"). In the Orders, Magistrate Judge Brisbois directed Plaintiff to refile a redacted version of his Amended Complaint, as it contained the personal home address of several District Court Judges for the State of Minnesota. For the reasons set forth below, this Court overrules Plaintiff's Objections, adopts Magistrate Judge Brisbois's Orders in their entirety, and directs Plaintiff to file a redacted version of his Amended Complaint.

1

## I. Background

On June 19, 2018, Plaintiff filed his Complaint. [Doc. No. 1]. Then, on August 20, 2018, Plaintiff filed his Amended Complaint. [Doc. No. 41]. In his Amended Complaint, Plaintiff listed the personal home address of several District Court Judges for the State of Minnesota. (Amended Compl. at ¶¶ 6–10.) Accordingly, Magistrate Judge Brisbois directed the Clerk of Court's Office to maintain the Plaintiff's Amended Complaint under seal. (Aug. 31, 2018 Order at 1.) Moreover, Magistrate Judge Brisbois also directed Plaintiff to file a redacted version of his Amended Complaint omitting the various judges' addresses. (*Id.*)

On September 12, 2018, Plaintiff objected to Magistrate Judge Brisbois's August 31, 2018 Order. Plaintiff argued that: (1) the Court has no authority to seal his Amended Complaint, (2) disclosure of the judges' addresses is not a "needless safety threat," and (3) the judges' addresses are unverified. (Pl.'s Obj. of Sept. 12, 2018.) Magistrate Judge Brisbois responded by reaffirming his August 31, 2018 Order. (Sept. 17, 2018 Order at 3–4.)

Then, on October 5, 2018, Plaintiff again objected to Magistrate Judge Brisbois's September 18, 2018 order reasserting all of his prior arguments. (Pl.'s Obj. of Oct. 5, 2018.) This Court fully with the magistrate judge's Orders, overrules Plaintiff's Objections, and directs Plaintiff to file a redacted version of his Amended Complaint.

## II. Discussion

### A. Standard of Review

The standard of review applicable to an appeal of a magistrate judge's order on

2

nondispositive pretrial matters, such as leave to amend a complaint, is extremely deferential. *Roble v. Celestica Corp.,* 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007); *see also Damon v. Groteboer,* Civ. No. 10–92, 2013 WL 53833, at *1–2 (D. Minn. Jan. 3, 2013). The Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see* 28 U.S.C. § 636(b)(1)(A); D. Minn. LR 72.2(a).

    **B.**    **Analysis**

Federal Rule of Civil Procedure 5.2 requires parties to redact a limited amount of personal information from public filings. The Rule is intended "to protect privacy and security concerns" of individuals. Fed. R. Civ. P. 5.2 Advisory Comm. Note (2007). Both at the state and federal level, judges' home addresses are protected. *See* Minn. Stat. §§ 13.37, subd. 1(a); 13.43, subd. 4; Minnesota Rules of Public Access to Records of the Judicial Branch, Rule 5, subds. 1, 5; *Lurie v. Dep't of Army*, 970 F. Supp. 19, 35 (D.D.C. 1997) (holding "personal addresses" to be private under the Freedom of Information Act).[1]

Moreover, this Court also has "broad discretion" to address matters of "security," particularly when such security measures cause no prejudice to a plaintiff. *Wainwright v. Lockhart*, 80 F.3d 1226, 1232 (8th Cir. 1996). The United States Supreme Court has recognized the significant interest public employees have in the privacy of their home

---

[1] The Electronic Case Filing Procedures Guide in this District provides the same protection for personal identifiers as provided for in Federal Rule of Civil Procedure 5.2. *See* District of Minnesota Electronic Case Filing Procedures Guide Section III.B.

addresses. *U.S. Dep't of Def. v. Fed. Labor Relations Auth.*, 510 U.S. 487, 500 (1994). Judges, in particular, have a critical need to maintain their privacy because of the possible threat posed by dissatisfied litigants, including criminal defendants. *See Bigwood v. U.S. Agency for Int'l Dev.*, 484 F. Supp. 2d 68, 77 (D.D.C. 2007).

A court may order the redaction of information upon a showing of good cause. Fed. R. Civ. P. 5.2(e)(1). Courts have found good cause exists to redact the home addresses of government employees because of safety concerns. *See, e.g.*, *Macias v. Cleaver*, No. 1:13-cv-1819 (BAM), 2016 WL 3549257, at *6 (E.D. Cal. June 30, 2016); *Reaves v. Jewell*, 2014 WL 6698717, at *2 (D. Md. Nov. 26, 2014); *Jones v. Corr. Corp. of Am.*, 2011 WL 6217415, at *1 (D. Kan. Dec. 14, 2011). Although there is a common law right of access to judicial records by the public, *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013), "[t]his right of access is not absolute, [and] requires a weighing of competing interests," *Feinwachs v. Minn. Hosp. Ass'n*, No. 11-cv-8 (JRT/SER), 2018 WL 882808, at *3 (D. Minn. Feb. 13, 2018).

In this case, the personal home addresses of the judges at issue are in no way relevant to Plaintiff's claims, so there is no public interest in access to such addresses. Redacting the personal home addresses of the defendant judges guards against potential safety concerns and unsolicited contact by strangers to the present case.

Magistrate Judge Brisbois correctly concluded any privacy interest of the at issue judges regarding their personal home addresses outweighs the public right to those addresses. (Sept. 17, 2018 Order at 3–4.) Accordingly, this Court overrules Plaintiff's Objections, adopts the Orders in their entirety, and directs Plaintiff to file a redacted

version of his Amended Complaint.

## III. Conclusion

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Scheffler's Objections [Doc. No. 62 & 71] are **OVERRULED**;

2. Magistrate Judge Brisbois's Orders [Doc. No. 42 & 63] are **ADOPTED** in their entirety; and

3. Plaintiff Scheffler is directed to file a redacted version of his Amended Complaint.

Dated: November 16, 2018            s/ Susan Richard Nelson
                                    SUSAN RICHARD NELSON
                                    United States District Judge