# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Troy K. Scheffler,<br><br>        Plaintiff,<br><br>v.<br><br>City of New Hope, et al.,<br><br>        Defendant. | Case No. 18-cv-1690 (SRN/LIB)<br><br><br>**ORDER** |

Troy K. Scheffler, 26359 Shandy Trl., Merrifield, MN 56465, pro se.

Ryan M. Zipf, League of Minnesota Cities, 145 University Ave. W, St. Paul, MN 55103, For Defendant City of New Hope.

Kathryn Iverson Landrum, Minnesota Attorney General's Office, 445 Minnesota St. Ste. 1100, St. Paul, MN 55101, for the Judicial Defendants.

---

SUSAN RICHARD NELSON, United States District Judge

      This matter is before the Court on the Report and Recommendation ("R&R" [Doc. No. 94]) of Magistrate Judge Leo I. Brisbois dated February 15, 2019, recommending that the Motion to Dismiss brought by Defendants Richard A. Trachy, Lucinda E. Jesson, Ivy S. Bernhardson, Francis J. Connolly, and James B. Florey (hereafter, "the Judicial Defendants") [Doc. No. 44] be granted, the Motion to Dismiss brought by the City of New Hope [Doc No. 50] be denied as moot, and that this action be dismissed with prejudice. Plaintiff Troy K. Scheffler ("Plaintiff") timely filed objections ("Objections") to the R&R [Doc. No. 96], to which the Judicial Defendants filed their response [Doc. No. 97]. For the reasons set forth below, the Court overrules Plaintiff's objections and adopts the R&R, as

modified.

## I. BACKGROUND

The factual and procedural background of this matter is detailed in the R&R and is incorporated herein by reference. In brief, Plaintiff had petitioned for expungement of a speeding ticket issued in 2010 by Defendant City of New Hope. (Am. Compl. ¶¶ 18, 27.) Defendants Trachy, a Minnesota State Court Judicial Referee, and Bernhardson, Chief Judge of the Minnesota State Court, Fourth Judicial District, denied his petition. (*Id.* ¶ 49.) Eventually, Plaintiff filed a second petition for expungement, which was granted on January 2, 2019. *See* Expungement Order [Doc. No. 95-1]. The magistrate judge construed Plaintiff's Complaint to allege seventeen causes of action arising under the common law and Minnesota and U.S. constitutions, some against the Judicial Defendants and others against Defendant City of New Hope. (R&R at 5–6; *see also* Am. Compl. ¶¶ 149–341; Defs.' Br. [Doc. No. 47] at 4.)

Based on the Complaint, the R&R, and Plaintiff's Objections, it appears that Plaintiff's claims arise from alleged wrongs committed by the Judicial Defendants in the course of the expungement proceedings.[1] Primarily, Plaintiff takes issue with an April 2017 denial order in which he alleges that Defendants Trachy and Bernhardson misstated the expungement statute's language and made a finding that Plaintiff was "factual[ly] guilty." (*See* R&R at 3.) Plaintiff asserts the same argument against Defendants Connolly, Jesson

---

[1] Because the Court dismissed all claims against Defendant City of New Hope pursuant to the parties' stipulation of dismissal, the Court will not analyze these claims. (*See* Order [Doc. No. 92] and Stipulation [Doc. No. 90].) The Motion to Dismiss filed by the City of New Hope [Doc. No. 50] is therefore denied as moot.

and Florey, the Minnesota Court of Appeals judges who affirmed the order. (*See* Am. Compl. ¶¶ 92–93.) Also, Plaintiff appears to assert deprivations of his state and federal due process rights arising from denials of hearings related to his initial expungement petition and his appeal to the Minnesota Court of Appeals. (*See* R&R at 2–3.)

In late December 2018, the state court granted Plaintiff's second expungement petition. (Dec. 28, 2018 Hennepin Cty. Order [Doc. No. 95-1].) In February 2019, Plaintiff informed the Court of this ruling, acknowledging that it "disposes of much of the relief requested" in this lawsuit. (Pl.'s Letter Filed Feb. 19, 2019 [Doc. No. 95].) Consequently, the Court considers Plaintiff's claims for mandamus and declaratory relief related to the denials of his expungement petition to be moot. (*See* R&R at 7 n.4.)

The Judicial Defendants moved to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). They argue that the *Younger* abstention doctrine applies because of ongoing state-court litigation and the *Rooker-Feldman* doctrine applies to the claims arising from the completed first expungement proceedings; they are entitled to absolute judicial immunity and Eleventh Amendment immunity; they are not "persons" under 42 U.S.C. § 1983; and Plaintiff fails to state a claim upon which relief can be granted. (Defs.' Mem. at 6.) They also argue that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state-law constitutional claims. (*See id.* at 15–16.)

In the R&R, Magistrate Judge Brisbois recommended dismissing this suit because the Judicial Defendants had acted entirely within the scope of their judicial capacities and jurisdiction, and are thus entitled to absolute immunity from all claims against them. (R&R at 8–11.) Even if the Judicial Defendants were not entitled to absolute immunity, the

magistrate judge recommended dismissal because federal courts lack subject-matter jurisdiction to review state court decisions under the *Rooker-Feldman* doctrine. (R&R at 11–13.)

Plaintiff filed his objections to the R&R in a timely manner. (*See* Objs.) He takes issue with the finding that the Judicial Defendants are entitled to absolute immunity, arguing that their "rewriting" of the expungement statute usurps the legislature's power, and that the "finding of guilt" is an exercise reserved for the executive branch through prosecution and violates his right to be presumed innocent. (*Id.* at 5, 11, 12.) Through these actions, he asserts, the Judicial Defendants "ignored the very fundamentals of due process" and failed to uphold their oath to "faithfully" discharge their duties. (*Id.* at 4–5.) He alleges that because the acts were "not made in good faith" and were "repugnant to the Constitution," the Judicial Defendants have waived immunity. (*Id.* at 4.) He seeks declaratory judgment against the Judicial Defendants under § 1983, "costs," and "the remaining relief of innocence." (*Id.* at 6–8, 16, 17.)

## II. DISCUSSION

The district court must conduct a de novo review of a magistrate judge's report and recommendation on dispositive motions to which specific objections have been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); D. Minn. L.R. 72.2(b). The Judicial Defendants' Motion to Dismiss is dispositive and must be reviewed under this standard. D. Minn. L.R. 7.1(c)(6)(B). "[A] pro se complaint must be liberally construed, and 'pro se litigants are held to a lesser pleading standard than other parties.'" *Gertsner v. Sebig, LLC*, 386 F. App'x 573, 575 (8th Cir. 2010) (quoting *Whitson v. Stone Cty. Jail*, 602 F.3d 920, 922 n.1

(8th Cir. 2010)).  Nevertheless, pro se complaints must still contain sufficient facts to support the claims alleged.  *Id.*

The Judicial Defendants have moved to dismiss this action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6). (*See* Judicial Defs.' Mot. to Dismiss [Doc. No. 44] at 1.) "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). The plaintiff has the burden of proof to show that jurisdiction exists. *Osborn v. United States,* 918 F.2d 724, 730 (8th Cir. 1990).

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for lack of subject matter jurisdiction. When considering a Rule 12(b)(1) motion, a district court may consider matters outside the pleadings. *Grazzini-Rucki v. Knutson*, No. 13-cv-2477 (SRN/JSM), 2014 WL 2462855, at *10 (D. Minn. May 29, 2014) (citing *Satz v. ITT Fin. Corp.*, 619 F.2d 738, 742 (8th Cir. 1980)). "[N]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Id.* (quoting *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990)).

When evaluating a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court assumes the facts in the Complaint to be true and construes all

reasonable inferences from those facts in the light most favorable to the plaintiff. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986). The Court, however, need not accept as true wholly conclusory allegations, *Hanten v. Sch. Dist. of Riverview Gardens*, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions that the plaintiff draws from the facts pled. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

## A. Judicial Immunity

Magistrate Judge Brisbois recommended granting this motion on judicial immunity and *Rooker-Feldman* grounds. (*See* R&R at 13.) State judicial officers are entitled to judicial immunity against claims under 42 U.S.C. § 1983 as long as they are acting within their judicial capacity and do not act in "complete absence of all jurisdiction." *Tennant v. Anderson*, 453 Fed. Appx. 657, 658 (8th Cir. 2011) (citing *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)); *see also Birch v. Mazander*, 678 F.2d 754, 756 (8th Cir. 1982) (citing *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)) ("An act is a judicial act if it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity.").

Plaintiff argues that the Judicial Defendants acted outside their authority by "issuing an order finding guilt outside of a trial" and "rewriting" the text of the expungement statute. (*See* Objs. at 5.) The Court disagrees. The magistrate judge correctly concluded that these actions were taken in the course of normal judicial duties, and thus were not in "complete absence of all jurisdiction," *see Tennant*, 453 Fed. Appx. at 658. (R&R at 9.) Plaintiff does not allege that he ever interacted with the Judicial Defendants outside of a court setting as to his expungement matters. The Judicial Defendants' actions in issuing decisions are

among the routine duties of a judge. While Plaintiff has the right to vigorously disagree with the their rulings, the Judicial Defendants' alleged errors may only be corrected on appeal, and do "not justify depriving that judge of his immunity."[2] *See Stump*, 435 U.S. at 363; *Pierson v. Ray*, 386 U.S. 547, 554 (1967) ("[A judge's] errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decisionmaking but to intimidation.").

Plaintiff also claims that the Judicial Defendants have waived immunity because they acted maliciously and in bad faith. (*See* Objs. at 4–5.) Even if the Court were to assume that Plaintiff has sufficiently alleged such facts—and he has not, other than his disagreement with the judges' rulings—this alleged ill intent is legally insufficient to deprive judges of immunity. *See Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice.); *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012) (quoting *Stump*, 435 U.S. at 356–57) ("[A] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."). The facts here do not establish that the Judicial Defendants acted in the absence of all jurisdiction. Nor would repleading plausibly allege such a claim without contradicting the prior pleadings.

---

[2] Indeed, Plaintiff did exercise his rights to appeal the trial court's adverse decision. The Court of Appeals affirmed it and the Minnesota Supreme Court denied his petition for review. (Am. Compl. ¶¶ 92, 104.)

Consequently, the Court agrees with Magistrate Judge Brisbois that the Judicial Defendants are entitled to immunity. (*See* R&R at 11.) Because no facts could plausibly demonstrate that the Judicial Defendants acted outside the scope of their authority without contradicting the prior pleadings, Plaintiff's claims are therefore dismissed with prejudice on this basis. *See Zutz v. Nelson*, 601 F.3d 842, 850–51 (8th Cir. 2010) ("Denial of a motion for leave to amend on the basis of futility 'means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.'").

## B. *Rooker-Feldman* Doctrine

The magistrate judge further analyzed Plaintiff's claims under the *Rooker-Feldman* doctrine, finding that even if the Judicial Defendants were not immune from suit, Plaintiff's claims would nevertheless fail under *Rooker-Feldman*. (*See* R&R at 11–13.) The Court also adopts this alternative recommendation, as modified below.

Under the *Rooker-Feldman* doctrine, federal courts cannot "exercis[e] jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005)); *see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). In other words, federal courts may not act as appellate courts for state court decisions. *Friends of Lake View Sch. Dist. Incorporation No. 25 of Phillips Cty. v. Beebe*, 578 F.3d 753, 758 (8th Cir. 2009). This doctrine applies when the claim before the federal court is "'inextricably intertwined' with

the claim already decided in the state court." *Silverman v. Silverman*, 338 F.3d 886, 893 (8th Cir. 2003). The state and federal claims are inextricably intertwined when finding for the plaintiff in federal court necessarily means finding that the state court's decision was wrong. *Id.*

However, the *Rooker-Feldman* doctrine precludes federal district court jurisdiction only if the federal suit is commenced after the state court proceedings have ended. *Dornheim v. Sholes*, 430 F.3d 919, 923 (8th Cir. 2005) (citing *Exxon Mobil Corp. v. Saudi Basic Indus.,* 544 U.S. 280, 125 S. Ct. 1517, 1527 (2005)). "There is no judgment to review if suit is filed in federal district court prior to completion of the state-court action." *Id.* Plaintiff filed the instant suit on June 19, 2018. (*See* Compl. [Doc. No. 1].) For purposes of this federal suit, Plaintiff's state court proceedings were therefore final with respect to his claims arising from the first expungement proceeding, for which the Minnesota Supreme Court denied discretionary review on February 20, 2018.

While the magistrate judge applied the *Rooker-Feldman* doctrine to the claims arising from both the first expungement proceeding and the second expungement proceeding, (*see* R&R at 11–13), the Court modifies the magistrate judge's approach in this respect, and considers them separately. The Court first considers whether Plaintiff's claims regarding the first expungement proceeding and his federal court claims are inextricably intertwined, divesting this Court of jurisdiction under the *Rooker-Feldman* doctrine. (*See* Judicial Defs.' Mem. Supp. Mot. to Dismiss at 7, n.4.) While it is not entirely clear what specific relief Plaintiff is seeking besides costs, he evidently believes that the Judicial Defendants should have handled his petition and hearing in a different manner.

Plaintiff's federal claims are, in fact, inextricably intertwined with the first expungement proceedings. If the Court were to agree with Plaintiff, it would necessarily be holding that the state court decision was wrong, which is exactly what the *Rooker-Feldman* doctrine bars. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 (1983) ("If the constitutional claims presented to a United States District Court are inextricably intertwined with the state court's ruling, then the District Court is in essence being called upon to review the state court decision. This the District Court may not do.").

Plaintiff disagrees with the magistrate judge's application of *Rooker-Feldman* but asserts without explanation, "The finding of guilt was outside the function of expungement and hence outside *Rooker-Feldman*." (Objs. at 14). And, Plaintiff argues that the state court's recent grant of his second expungement petition means that *Rooker-Feldman* cannot apply. (*Id.* at 15.) Plaintiff appears to misunderstand that this doctrine concerns federal courts' jurisdiction over claims already adjudicated in state court. If, as Plaintiff argues, a finding of guilt was improperly included in the first expungement ruling, it is nevertheless a part of that ruling and subject to *Rooker-Feldman*. Consequently, the Court is barred from hearing Plaintiff's claims that arise from the first expungement petition.

As to his federal claims arising from the second expungement petition, Plaintiff filed the second expungement petition in March 2018, one month after he had filed the instant lawsuit in February 2018. Because the second state court proceedings had not yet concluded, *Rooker-Feldman* does not apply to Plaintiff's federal claims arising from the second expungement petition.

However, under the doctrine of *Younger* abstention, federal courts must abstain from adjudicating claims that seek to enjoin an ongoing proceeding in state court. *See Younger v. Harris*, 401 U.S. 37, 43–56 (1971) (applying doctrine to ongoing state criminal proceeding); *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (applying doctrine to state civil proceedings). (*See* Judicial Defs.' Mem. Supp. Mot. to Dismiss at 7, n.4.) Abstention is proper under *Younger* when there is: (1) an ongoing state judicial proceeding; (2) an important state interest implicated in the state proceeding; and (3) an adequate opportunity in the state proceeding to raise constitutional challenges. *See Middlesex*, 457 U.S. at 432.

All of these factors apply here, as the second expungement proceeding was ongoing for most of the period of this federal lawsuit. *See Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245, 1250 (8th Cir. 2012) ("For purposes of applying *Younger* abstention, the relevant time for determining if there are ongoing state proceedings is when the federal complaint is filed."). In addition, Plaintiff's second state court expungement proceeding implicated an important state interest concerning Minnesota's expungement statute, and Plaintiff had an adequate opportunity to raise constitutional challenges in state court, where he ultimately obtained the expungement. Therefore, as to Plaintiff's claims arising from the second expungement proceeding, *Younger* abstention would have been appropriate, and the R&R is modified in this respect. As the state court adjudication of the second expungement petition has since occurred, preclusion law would appear to govern the analysis now, but this is beyond the scope of the R&R.

In any event, judicial immunity, discussed earlier, fully applies to all of Plaintiff's claims. For all of the foregoing reasons, the Court dismisses Plaintiff's claims with prejudice.

## III. ORDER

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections [Doc. No. 96] to Magistrate Judge Brisbois's Report and Recommendation are **OVERRULED**.

2. Magistrate Judge Brisbois's Report and Recommendation of February 15, 2019 [Doc. No. 94] is **ADOPTED, as modified**.

3. The Judicial Defendants' Motion to Dismiss [Doc. No. 44] is **GRANTED.**

4. The City of New Hope's Motion to Dismiss [Doc. No. 50] is **DENIED as moot**.

5. This matter is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: May 9, 2019
　　　　　　　　　　　　　　　　s/Susan Richard Nelson
　　　　　　　　　　　　　　　　SUSAN RICHARD NELSON
　　　　　　　　　　　　　　　　United States District Judge